# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEDA GRAGOSSIAN,<br><br>    Plaintiff,<br><br>vs.<br><br>CARDINAL HEALTH INC., a Delaware corporation; CARDINAL HEALTH 303 INC., a Delaware corporation; CARDINAL HEALTH RESOURCES, LLC, a Delaware limited liability company; and Does 3 through 50<br><br>    Defendants. | CASE NO. 07-CV-1818-H (LSP)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT |

On April 28, 2008, plaintiff Seda Gragossian ("Plaintiff") filed a motion to amend the complaint. (Doc. No. 31.) Defendants Cardinal Health, Inc., Cardinal Health 303, Inc., and Cardinal Health Resources LLC ("Defendants") filed an opposition on May 13, 2008. (Doc. No. 32.) Plaintiff filed her reply brief on May 19, 2008 (Doc. No. 33.) The Court exercises its discretion to submit this motion without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the reasons set forth below, the Court grants the motion for leave to amend.

/ / /

/ / /

/ / /

**Background**

Plaintiff filed her initial Complaint in San Diego Superior Court on July 17, 2007, and the case was removed to federal court on September 17, 2007. (See Doc. No. 1.) Plaintiff now seeks to bring a Fourth Amended Complaint ("FAC") in this matter. The Third Amended Complaint ("TAC") was filed on December 10, 2007, pursuant to a joint motion by the parties. (Doc. No. 20.) It asserts eleven employment-related claims such as failure pay overtime wages, discrimination, sexual harassment, and fraud. (See id.) On March 13, 2008, the magistrate judge entered a case management order setting various deadlines including: (1) a May 2, 2008 deadline for any motion to amend the pleadings; (2) a January 16, 2009 discovery cut-off; and (3) an April 27, 2009, final pretrial conference date. (See Doc. No. 29.) Plaintiff now seeks to add two additional claims: (1) failure to pay wages due upon discharge; and (2) constructive discharge in violation of public policy. (See Proposed FAC ¶¶ 83-98.)

**Discussion**

**I.    Legal Standard**

Under Rule 15(a)(2), when a party is no longer able to amend as a matter of course, they must obtain either the court's leave or the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. This rule ordinarily favors leave to amend, though it has limits. For example, a court may exercise its discretion to deny leave to amend where the amendment is duplicative of existing claims. See Bonin v. Calderon, 59 F.3d 815, 846 (9th Cir. 1995) (holding that it would be futile to amend habeas petition to include proposed amendments that were "either duplicative of existing claims or patently frivolous, or both"). A court may also look to the sufficiency of allegations in a proposed amended complaint to determine if they would be futile. See Jones v. Cmty. Redevelopment Agency, 733 F.2d 646, 650-51 (9th Cir. 1984) (affirming denial of leave to amend where the proposed complaint contained only conclusory allegations without supporting

1  facts).[1]

2  **II.     Adding Claim for Constructive Discharge**

3  Defendants argue that the Court should deny leave to amend because the new constructive discharge claim will not survive a motion to dismiss. Rule 12(b)(6) permits dismissal of a claim either where that claim lacks a cognizable legal theory, or where insufficient facts are alleged to support the claim's theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). While a claim does not need detailed factual allegations to survive a motion to dismiss, a party's obligation to provide the grounds of its entitlement to relief requires "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." See Bell Atlantic Corp., 127 S. Ct. at 1964-65. Rather, to survive a motion to dismiss pursuant to Rule 12(b)(6), factual allegations must be sufficient, when taken as true, to raise a right to relief above the speculative level. Id. at 1965. A complaint may proceed even though proof seems improbable or recovery is very remote and unlikely. Id.

"Constructive discharge occurs when the employer's conduct effectively forces an employee to resign." Turner v. Anheuser-Busch, Inc., 7 Cal. 4th 1239, 1244 (1994), abrogated on other grounds by Romano v. Rockwell Int'l, Inc., 14 Cal. 4th 479 (1996). Courts apply an objective standard to determine whether the conditions were sufficient for constructive discharge. Id. at 1248. The conditions prompting resignation must be "sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job." Id. at 1246. The resignation must be coerced, not merely a rational option chosen by the employee. Id. at 1247; Mullins v. Rockwell Int'l Corp., 15 Cal. 4th 731, 737 (1997) ("Constructive discharge occurs only when the employer coerces the employee's resignation, either by creating working conditions that are intolerable under an objective standard, or by failing to remedy objectively intolerable working conditions that actually are known to

---

[1] Defendants argue that the test for futility in this context should be coextensive with Rule 12(b)(6) standards, citing authority outside this circuit. It does not appear that the Ninth Circuit has required this approach on a motion to amend, though the Court considers the ability of the proposed complaint to survive a motion to dismiss in the interests of judicial economy.

the employer.")  Single, isolated acts are usually insufficient to establish constructive discharge.  Turner, 7 Cal. 4th at 1247.  Furthermore, the employee must prove that the employer either created the intolerable conditions or knowingly permitted them to exist.  See id. at 1248-50.  Finally, to recover for a constructive discharge, an employee must show that the termination was a breach of contract or a tort committed in violation of public policy.  Id. at 1251-52.

Defendants focus their challenge on the alleged conditions, arguing that they would not establish a constructive discharge, even if proved.  Plaintiff alleges that the workplace was a demeaning environment for women in which sexual favoritism exhibited toward other employees created an environment that implicitly conveyed the message that intimate contact with management was necessary to success.  (See Proposed FAC ¶¶ 91-93.)  California has permitted constructive discharge claims to proceed based on a pattern of discriminatory behavior, and the Court concludes that the alleged environment might constitute a sufficiently intolerable situation.  See Kovatch v. Cal. Cas. Mgmt. Co., 65 Cal. App. 4th 1256, 1275 (1998) (reversing summary judgment of no constructive discharge where evidence showed triable issue of constructive discharge due to "harassment in violation of the fundamental public policy against sexual orientation discrimination in employment"), disapproved on other grounds by Aguilar v. Atlantic Richfield Co., 25 Cal. 4th 826 (2001); cf. Cloud v. Casey, 76 Cal. App. 4th 895, 902-05 (1999) (affirming summary judgment of no constructive discharge resulting from failure to promote due to alleged gender discrimination, where employee stayed at company for months receiving high compensation).  To show constructive discharge based on gender discrimination, the plaintiff must show extreme conditions beyond those of a general claim of gender discrimination.  See Cloud, 76 Cal. App. 4th at 902-05.  Applying the favorable view of the alleged facts appropriate to a motion to dismiss, the Court concludes that the allegations of harassment are sufficient in combination with all the facts alleged.

Plaintiff also asserts that failure to pay overtime wages and failure to promote her also contributed to this environment.  (Proposed FAC ¶¶ 89-90.)  Failure to promote,

1. or even a demotion and reduction in pay, is not enough to find constructive discharge, without more. <u>Turner</u>, 7 Cal. 4th at 1247. Plaintiff's has gone further, however, by alleging a pattern of sexual favoritism. The Court looks to all the circumstances alleged, as a whole.

Defendants also argue that Plaintiff's claim fails as a matter of law because she does not allege ever complaining to her employer about the purported conditions. The test is whether the employer "created or knowingly permitted the intolerable conditions to exist." <u>Turner</u>, 7 Cal. 4th at 1250. While a complaint to the employer may be one method by which the employer learns of the conditions, the California Supreme Court's constructive discharge standard does not expressly require an employee complaint in all instances. <u>See</u> <u>id.</u> at 1248-51. Plaintiff alleges that the intolerable conditions were actually created by Defendants' managers. (<u>See</u>, <u>e.g.</u>, Proposed FAC ¶ 92.) The Court concludes that Plaintiff has adequately alleged that Defendants either created the conditions or knowingly permitted them to exist.

Furthermore, the Court concludes that Plaintiff has adequately alleged a violation of public policy. At least for now, Defendants have not challenged that element. Since the Court would allow the claim, under the favorable view of the allegations appropriate to a motion to dismiss, the Court concludes that an amendment to add this claim is not futile.

**III.   Adding Claim for Failure to Pay Wages Upon Discharge**

Defendants argue that the new claim for failure to pay wages upon discharge is duplicative and adds nothing to the claim. Plaintiff previously brought claims for general damages, waiting time penalties, and other statutory penalties. (<u>See</u> TAC ¶¶ 29-32.) The new claim seeks similar relief. (<u>See</u> Proposed FAC ¶ 86.) The new claim, however, asserts a different theory of recovery. Furthermore, Defendants concerns over double recovery would be better addressed at a later stage of the proceedings. Therefore, the Court will grant leave to bring this claim.

/ / /

/ / /

**IV. Other Considerations**

The Court has considered Defendants other arguments and concludes that it should grant leave to amend. As to Plaintiff's delay in raising these issues, Plaintiff brought her motion to amend before the deadline set by the Court's order. Discovery is in the early stages, and the parties have nearly a year until their final pretrial conference date. Any prejudice to Defendant will be limited. Should the parties believe that the amendment requires the Court's leave to conduct additional discovery, they may bring an appropriate motion to the magistrate judge. The Court notes that, because the deadline to bring motions to amend the pleadings has now passed, it may exercise its discretion to deny any further motion to amend as a consequence of delay.

### Conclusion

For the reasons set forth above, the Court GRANTS the motion to amend. Plaintiff shall file her amended complaint within 10 days of the date this order is filed.

IT IS SO ORDERED.

DATED: May 21, 2008

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.