1  WILSON PETTY KOSMO & TURNER LLP
   FREDERICK W. KOSMO, JR. (138036)
2  LOIS M. KOSCH (131859)
   JEREMY D. HOROWITZ (212242)
3  550 West C Street, Suite 1050
   San Diego, California  92101
4  Telephone:  (619) 236-9600
   Facsimile:  (619) 236-9669
5  E-mail:  fkosmo@wpkt.com
   E-mail:  lkosch@wpkt.com
6  E-mail:  jhorowitz@wpkt.com

7  Attorneys for Defendant CARDINAL HEALTH, INC.,
   CARDINAL HEALTH 303, INC., and
8  CARDINAL HEALTH RESOURCES LLC

9                 **UNITED STATES DISTRICT COURT**

10              **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  SEDA GRAGOSSIAN,                          Case No.  07CV1818 H (LSP)

13              Plaintiffs,                   **DEFENDANTS CARDINAL HEALTH,
                                              INC., CARDINAL HEALTH 303, INC.,
14      v.                                    and CARDINAL HEALTH
                                              RESOURCES, LLC'S ANSWER TO
15  CARDINAL HEALTH, INC., a Delaware         FOURTH AMENDED UNVERIFIED
    corporation, CARDINAL HEALTH 303, INC., a COMPLAINT
16  Delaware corporation, CARDINAL HEALTH
    RESOURCES, LLC, a Delaware limited liability Fourth Amended Complaint Filed:
17  company, and DOES 3 through 50,          May 27, 2008

18              Defendants.                   Dept.:      Ct. Rm. 13
                                              Judge:      Hon. Marilyn L. Huff
19                                            M. Judge:   Hon. Leo S. Papas
                                              Trial Date: Not Set
20

21          Defendants CARDINAL HEALTH, INC., CARDINAL HEALTH 303, INC., and

22  CARDINAL HEALTH RESOURCES, LLC (hereafter collectively "CARDINAL HEALTH")

23  hereby answers the fourth amended complaint ("FAC") of plaintiff SEDA GRAGOSSIAN

24  ("Plaintiff") on file herein as follows:

25                       **GENERAL ALLEGATIONS**

26          1.      Answering paragraph 1 of the FAC, CARDINAL HEALTH admits that venue is

27  proper in this court because the alleged conduct occurred in San Diego County.

28

2.	Answering paragraph 2 of the FAC, CARDINAL HEALTH has insufficient knowledge or information to admit or deny the allegations contained in paragraph 2.

3.	Answering paragraph 3 of the FAC, CARDINAL HEALTH, INC., CARDINAL HEALTH 303, INC. and CARDINAL HEALTH RESOURCES LLC are Delaware Corporations and a Limited Liability Corporation, respectively, with their principal places of business in Dublin, Ohio and are not citizens of the State of California but engage in business in San Diego, California.

4.	CARDINAL HEALTH admits venue is proper in this Court because the alleged conduct occurred in San Diego County, but denies the remaining allegations contained in paragraph 4 of the FAC to the extent they suggest CARDINAL HEALTH has obligations and liabilities to Plaintiff.

5.	CARDINAL HEALTH admits Plaintiff worked for CARDINAL HEALTH 303, INC. and CARDINAL HEALTH RESOURCES LLC in San Diego County, but denies the remaining allegations contained in paragraph 5 of the FAC.

6.	Answering paragraph 6 of the FAC, CARDINAL HEALTH has insufficient knowledge or information to admit or deny the allegations contained in paragraph 6 of the FAC.

7.	Answering paragraph 7 of the FAC, CARDINAL HEALTH has insufficient knowledge or information to admit or deny the allegations contained in paragraph 7 of the FAC.

**FACTUAL ALLEGATIONS**

8.	Answering paragraph 8 of the FAC, CARDINAL HEALTH has insufficient knowledge or information to admit or deny the allegations contained in paragraph 8 of the FAC.

9.	Answering paragraph 9 of the FAC, CARDINAL HEALTH admits that CARDINAL HEALTH RESOURCES LLC has an office in San Diego, California.

10.	Answering paragraph 10 of the FAC, CARDINAL HEALTH admits that it hired Plaintiff on September 29, 2003.

11.	CARDINAL HEALTH admits Plaintiff was classified as an exempt employee, but denies the remaining allegations contained in paragraph 11 of the FAC.

12.	Answering paragraph 12 of the FAC, CARDINAL HEALTH denies Plaintiff often worked more than eight hours in one work day and more than forty hours in one work week.

CARDINAL HEALTH further states that Plaintiff was not paid premium pay because she was exempt from overtime under California and federal law.

13.     CARDINAL HEALTH denies the allegations contained in paragraph 13 of the FAC.

14.     Answering paragraph 14 of the FAC, CARDINAL HEALTH admits that Plaintiff was a good employee.  CARDINAL HEALTH has insufficient knowledge or information to admit or deny the remaining allegations, and on that basis denies all remaining allegations contained in paragraph 14 of the FAC.

15.     Answering paragraph 15 of the FAC, CARDINAL HEALTH admits that Plaintiff requested to be promoted to a "Senior Principal Software Engineer" position.  CARDINAL HEALTH further admits that Plaintiff was informed that the career path was not defined for software engineers, so it was unclear what the next level position would be for her.  CARDINAL HEALTH further admits Thomas Armentrout advised Plaintiff they were working on defining the various levels for the software engineers.  CARDINAL HEALTH has insufficient knowledge or information to admit or deny the remaining allegations and on that basis denies the remaining allegations contained in paragraph 15.

16.     Answering paragraph 16 of the FAC, CARDINAL HEALTH admits Plaintiff was assigned a new manager, Den Ducoff, on or about the summer of 2006, and that Mr. Ducoff considered promotions to software management positions for Plaintiff and her colleague, Khalid Zubaidi.  CARDINAL HEALTH denies the remaining allegations contained in paragraph 16 of the FAC.

17.     Answering paragraph 17 of the FAC, CARDINAL HEALTH admits that toward the end of 2006, CARDINAL HEALTH promoted Richard Batch to the position of Vice President.  CARDINAL HEALTH further admits Plaintiff informed Mr. Batch she wanted to move into a management position and that Mr. Batch informed Plaintiff he would be submitting requisitions for program management positions which would open up in May 2007, but Plaintiff chose the Systems Engineering position to broaden her experience; moreover, a management position in Systems Engineering was to open in the Fall of 2007.  Plaintiff was already aware of CARDINAL HEALTH's policy prohibiting position transfers until an employee had been in his/her current

position for at least twelve months.  CARDINAL HEALTH the remaining allegations of paragraph 17 of the FAC.

18.     CARDINAL HEALTH denies the allegations contained in paragraph 18 of the FAC.

19.     Answering paragraph 19 of the FAC, CARDINAL HEALTH admits Plaintiff served as the team leader for the applications team from May 2005 to February 2007.  As Team Lead, part of Plaintiff's responsibilities were to mentor and coach other members of the team, develop task assignments for her team members, provide input for the yearly performance reviews for her team members and perform technical interviews as part of the CARDINAL HEALTH candidate selection process.  CARDINAL HEALTH denies the remaining allegations contained in paragraph 19.

20.     Answering paragraph 20 of the FAC, CARDINAL HEALTH admits that a few months into Plaintiff's role as a Systems Engineer, several program management positions became available and that Plaintiff submitted an application.  CARDINAL HEALTH denies the remaining allegations contained in paragraph 20.

21.     Answering paragraph 21 of the FAC, CARDINAL HEALTH admits Plaintiff's application for the Program Management position was denied and Plaintiff was informed that the reason behind this denial was that Plaintiff had not been in her position for twelve months.  CARDINAL HEALTH denies the remaining allegations of paragraph 21 of the FAC.

22.     CARDINAL HEALTH denies the allegations of paragraph 22 of the FAC.

23.     Answering paragraph 23 of the FAC, CARDINAL HEALTH  admits a male employee who was younger than Plaintiff was selected for a program management position.  CARDINAL HEALTH denies that this employee was less experienced than Plaintiff.  CARDINAL HEALTH further denies, on information and belief, that "Vice President Batch told Plaintiff that he likes this individual and 'needed to do something for him.'"  CARDINAL HEALTH denies that promotion decisions were in any way based on Plaintiff's age, sex or national origin and denies any such allegations of wrong doing.  CARDINAL HEALTH has insufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 23 of the FAC.

24.     Answering paragraph 24 of the FAC, CARDINAL HEALTH admits a male employee, who had worked for CARDINAL HEALTH for two years, and who was younger than

Plaintiff was selected for a program management position. CARDINAL HEALTH admits at the time of his promotion the employee's title was Senior Software Engineer. CARDINAL HEALTH denies that this employee was less experienced than Plaintiff. CARDINAL HEALTH denies that promotion decisions were in any way based on sex, age, or national origin and denies any such allegations of wrong doing. CARDINAL HEALTH has insufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 24 of the FAC.

25.     Answering paragraph 25 of the FAC, CARDINAL HEALTH admits that Plaintiff and Zubaidi both worked as Team Leaders under Den Ducoff, but denies the remaining allegations contained in paragraph 25 of the FAC.

26.     CARDINAL HEALTH denies the allegations contained in paragraph 26 of the FAC.

27.     Answering paragraph 27 of the FAC, CARDINAL HEALTH admits, on information and belief, that Plaintiff turned forty on February 14, 2007, but denies the remaining allegations contained in paragraph 27 of the FAC.

28.     Answering paragraph 28 of the FAC, CARDINAL HEALTH admits Plaintiff no longer worked as a Team Lead when she transferred to Systems Engineering. CARDINAL HEALTH denies it engaged in any discriminatory practices or wrong doing. CARDINAL HEALTH has insufficient knowledge or information to admit or deny and on that basis denies the remaining allegations contained in paragraph 28 of the FAC.

## **FIRST CAUSE OF ACTION**

### **Failure to Pay Overtime Wages; Labor Code §§510, 1194 *et seq.***

(Against All Defendants)

29.     Answering paragraph 29 of the FAC, CARDINAL HEALTH neither admits nor denies this paragraph as it does not contain any charging allegations.

30.     CARDINAL HEALTH denies the allegations contained in paragraph 30 of the FAC.

31.     CARDINAL HEALTH denies the allegations contained in paragraph 31 of the FAC.

32.     CARDINAL HEALTH denies the allegations contained in paragraph 32 of the FAC.

**SECOND CAUSE OF ACTION**

**Failure to Provide Properly Itemized Wage Statements**

(Against All Defendants)

33.    Answering paragraph 33 of the FAC, CARDINAL HEALTH neither admits nor denies this paragraph as it does not contain any charging allegations.

34.    CARDINAL HEALTH denies the allegations contained in paragraph 34 of the FAC.

35.    CARDINAL HEALTH denies the allegations contained in paragraph 35 of the FAC.

36.    CARDINAL HEALTH denies the allegations contained in paragraph 36 of the FAC.

37.    CARDINAL HEALTH denies the allegations contained in paragraph 37 of the FAC.

**THIRD CAUSE OF ACTION**

**Gender Employment Discrimination; Govt. Code §12940**

(Against All Defendants)

38.    Answering paragraph 38 of the FAC, CARDINAL HEALTH neither admits nor denies this paragraph as it does not contain any charging allegations.

39.    Answering paragraph 39 of the FAC, CARDINAL HEALTH admits that the FEHA is codified at Government Code section 12900 et seq. and prohibits employment discrimination. CARDINAL HEALTH further admits Plaintiff was employed by CARDINAL HEALTH 303, INC. until December 31, 2006.  From January 1, 2007 until her resignation on August 3, 2007, Plaintiff was employed by CARDINAL HEALTH RESOURCES LLC.

40.    Answering paragraph 40 of the FAC, CARDINAL HEALTH has insufficient knowledge or information to admit or deny, and on that basis denies the allegations contained in paragraph 40 of the FAC.

41.    Answering paragraph 41 of the FAC, CARDINAL HEALTH denies the allegations contained in paragraph 41 of the FAC.

42.    Answering paragraph 42 of the FAC, CARDINAL HEALTH denies the allegations contained in paragraph 42 of the FAC.

43.    Answering paragraph 43 of the FAC, CARDINAL HEALTH denies the allegations contained in paragraph 43 of the FAC.

44.     Answering paragraph 44 of the FAC, CARDINAL HEALTH denies the allegations contained in paragraph 44 of the FAC.

## FOURTH CAUSE OF ACTION

### Age Employment Discrimination; Govt. Code §12940

(Against All Defendants)

45.     Answering paragraph 45 of the FAC, CARDINAL HEALTH neither admits nor denies this paragraph as it does not contain any charging allegations.

46.     Answering paragraph 46 of the FAC, CARDINAL HEALTH admits that the FEHA is codified at Government Code section 12900 et seq. and prohibits employment discrimination. CARDINAL HEALTH further admits that Plaintiff was employed by CARDINAL HEALTH 303, INC. until December 31, 2006.  From January 1, 2007 until her resignation on August 3, 2007, Plaintiff was employed by CARDINAL HEALTH RESOURCES LLC.

47.     Answering paragraph 47 of the FAC, CARDINAL HEALTH has insufficient knowledge or information to admit or deny, and on that basis denies the allegations contained in paragraph 47 of the FAC.

48.     Answering paragraph 48 of the FAC, CARDINAL HEALTH admits that Plaintiff turned 40 in February 2007.  CARDINAL HEALTH denies Plaintiff was eligible for a promotion in April 2007.  CARDINAL HEALTH denies the allegations contained in paragraph 48 of the FAC.

49.     Answering paragraph 49 of the FAC, CARDINAL HEALTH denies the allegations contained in paragraph 49 of the FAC.

50.     Answering paragraph 50 of the FAC, CARDINAL HEALTH denies the allegations contained in paragraph 50 of the FAC.

51.     Answering paragraph 51 of the FAC, CARDINAL HEALTH denies the allegations contained in paragraph 51 of the FAC.

**FIFTH CAUSE OF ACTION**

**National Origin Employment Discrimination; Govt. Code §12940**

(Against All Defendants)

52.     Answering paragraph 52 of the FAC, CARDINAL HEALTH neither admits nor denies this paragraph as it does not contain any charging allegations.

53.     Answering paragraph 53 of the FAC, CARDINAL HEALTH admits that the FEHA is codified at Government Code section 12900 et seq. and prohibits employment discrimination. CARDINAL HEALTH further admits that Plaintiff was employed by CARDINAL HEALTH 303, INC. until December 31, 2006.  From January 1, 2007 until her resignation on August 3, 2007, Plaintiff was employed by CARDINAL HEALTH RESOURCES LLC.

54.     Answering paragraph 54 of the FAC, CARDINAL HEALTH has insufficient knowledge or information to admit or deny, and on that basis denies the allegations contained in paragraph 54 of the FAC.

55.     Answering paragraph 55 of the FAC, CARDINAL HEALTH denies that Plaintiff was eligible for a promotion in April 2007.  CARDINAL HEALTH admits Plaintiff's managers knew she was born in Iran but denies that Plaintiff's managers knew she was Armenian.  CARDINAL HEALTH denies the remaining allegations contained in paragraph 55 of the FAC, specifically the allegation that Plaintiff's national origin played any role in its employment decision.

56.     Answering paragraph 56 of the FAC, CARDINAL HEALTH denies the allegations contained in paragraph 56 of the FAC.

57.     Answering paragraph 57 of the FAC, CARDINAL HEALTH denies the allegations contained in paragraph 57 of the FAC.

58.     Answering paragraph 58 of the FAC, CARDINAL HEALTH denies the allegations contained in paragraph 58 of the FAC.

1

## SIXTH CAUSE OF ACTION

2

### Sexual Harassment

3

(Against All Defendants)

4      59.      Answering paragraph 59 of the FAC, CARDINAL HEALTH neither admits nor

5  denies this paragraph as it does not contain any charging allegations.

6      60.      Answering paragraph 60 of the FAC, CARDINAL HEALTH admits that the FEHA is

7  codified at Government Code section 12900 et seq. and prohibits employment discrimination.

8  CARDINAL HEALTH further admits that Plaintiff was employed by CARDINAL HEALTH 303,

9  INC. until December 31, 2006.  From January 1, 2007 until her resignation on August 3, 2007,

10  Plaintiff was employed by CARDINAL HEALTH RESOURCES LLC.

11      61.      Answering paragraph 61 of the FAC, CARDINAL HEALTH has insufficient

12  knowledge or information to admit or deny, and on that basis denies the allegations contained in

13  paragraph 61 of the FAC.

14      62.      Answering paragraph 62 of the FAC, CARDINAL HEALTH denies the allegations

15  contained in paragraph 62 of the FAC.

16      63.      Answering paragraph 63 of the FAC, CARDINAL HEALTH denies the allegations

17  contained in paragraph 63 of the FAC.

18      64.      Answering paragraph 64 of the FAC, CARDINAL HEALTH denies the allegations in

19  paragraph 64 of the FAC.

20      65.      Answering paragraph 65 of the FAC, CARDINAL HEALTH neither admits nor

21  denies this paragraph as it does not contain any charging allegations.

22      66.      Answering paragraph 66 of the FAC, CARDINAL HEALTH denies the allegations

23  contained in paragraph 66 of the FAC.

24

## SEVENTH CAUSE OF ACTION

25

### Fraud and Intentional Misrepresentation; Cal. Civ. Code §1709

26

(Against All Defendants)

27      67.      Answering paragraph 67 of the FAC, CARDINAL HEALTH neither admits nor

28  denies this paragraph as it does not contain any charging allegations.

DEFENDANTS CARDINAL HEALTH, INC., CARDINAL HEALTH 303, INC., and CARDINAL HEALTH
RESOURCES, LLC'S ANSWER TO FOURTH AMENDED UNVERIFIED COMPLAINT

1    68.    Answering paragraph 68 of the FAC, CARDINAL HEALTH denies the allegations

2    contained in paragraph 68 of the FAC.

3    69.    Answering paragraph 69 of the FAC, CARDINAL HEALTH denies the allegations

4    contained in paragraph 69 of the FAC.

5    70.    Answering paragraph 70 of the FAC, CARDINAL HEALTH denies the allegations

6    contained in paragraph 70 of the FAC.

7    71.    Answering paragraph 71 of the FAC, CARDINAL HEALTH denies the allegations

8    contained in paragraph 71 of the FAC.

9    72.    Answering paragraph 72 of the FAC, CARDINAL HEALTH denies the allegations

10   contained in paragraph 72 of the FAC.

11   73.    Answering paragraph 73 of the FAC, CARDINAL HEALTH denies the allegations

12   contained in paragraph 73 of the FAC.

13   **EIGHT CAUSE OF ACTION**

14   **Negligent Misrepresentation; Cal. Civil Code §§1709 and 1710**

15   (Against All Defendants)

16   74.    Answering paragraph 74 of the FAC, CARDINAL HEALTH neither admits nor

17   denies this paragraph as it does not contain any charging allegations.

18   75.    Answering paragraph 75 of the FAC, CARDINAL HEALTH denies the allegations

19   contained in paragraph 75 of the FAC.

20   76.    Answering paragraph 76 of the FAC, CARDINAL HEALTH denies the allegations

21   contained in paragraph 76 of the FAC.

22   77.    Answering paragraph 77 of the FAC, CARDINAL HEALTH denies the allegations

23   contained in paragraph 77 of the FAC.

24   **NINTH CAUSE OF ACTION**

25   **Breach of the Implied Covenant of Good Faith and Fair Dealing**

26   (Against All Defendants)

27   78.    Answering paragraph 78 of the FAC, CARDINAL HEALTH neither admits nor

28   denies this paragraph as it does not contain any charging allegations.

DEFENDANTS CARDINAL HEALTH, INC., CARDINAL HEALTH 303, INC., and CARDINAL HEALTH
RESOURCES, LLC'S ANSWER TO FOURTH AMENDED UNVERIFIED COMPLAINT

79.     Answering paragraph 79 of the FAC, CARDINAL HEALTH denies the allegations contained in paragraph 79 of the FAC.

80.     Answering paragraph 80 of the FAC, CARDINAL HEALTH neither admits nor denies this paragraph as it does not contain any charging allegations.

81.     Answering paragraph 81 of the FAC, CARDINAL HEALTH denies the allegations contained in paragraph 81 of the FAC.

82.     Answering paragraph 82 of the FAC, CARDINAL HEALTH has insufficient knowledge or information to admit or deny, and on that basis denies the allegations contained in paragraph 82 of the FAC.

**TENTH CAUSE OF ACTION**

**Failure to Promptly Pay All Wages Due Upon Discharge (Labor Code § 203)**

(Against All Defendants)

83.     Answering paragraph 83 of the FAC, CARDINAL HEALTH neither admits nor denies this paragraph as it does not contain any charging allegations.

84.     Answering paragraph 84 of the FAC, CARDINAL HEALTH denies the allegations contained in paragraph 84 of the FAC as Plaintiff was not entitled to overtime wages.

85.     Answering paragraph 85 of the FAC, CARDINAL HEALTH denies the allegations contained in paragraph 85 of the FAC.

86.     Answering paragraph 86 of the FAC, CARDINAL HEALTH denies the allegations contained in paragraph 86 of the FAC.

**ELEVENTH CAUSE OF ACTION**

**Constructive Discharge in Violation of Public Policy**

(Against All Defendants)

87.     Answering paragraph 87 of the FAC, CARDINAL HEALTH neither admits nor denies this paragraph as it does not contain any charging allegations.

88.     Answering paragraph 88 of the FAC, CARDINAL HEALTH denies the allegations contained in paragraph 88 of the FAC.

DEFENDANTS CARDINAL HEALTH, INC., CARDINAL HEALTH 303, INC., and CARDINAL HEALTH RESOURCES, LLC'S ANSWER TO FOURTH AMENDED UNVERIFIED COMPLAINT

1     89.    Answering paragraph 89 of the FAC, CARDINAL HEALTH denies the allegations

2 contained in paragraph 89 of the FAC.

3     90.    Answering paragraph 90 of the FAC, CARDINAL HEALTH denies the allegations

4 contained in paragraph 90 of the FAC.

5     91.    Answering paragraph 91 of the FAC, CARDINAL HEALTH denies the allegations

6 contained in paragraph 91 of the FAC.

7     92.    Answering paragraph 92 of the FAC, CARDINAL HEALTH denies the allegations

8 contained in paragraph 92 of the FAC.

9     93.    Answering paragraph 93 of the FAC, CARDINAL HEALTH denies the allegations

10 contained in paragraph 93 of the FAC.

11     94.    Answering paragraph 94 of the FAC, CARDINAL HEALTH denies the allegations

12 contained in paragraph 94 of the FAC.

13     95.    Answering paragraph 95 of the FAC, CARDINAL HEALTH denies the allegations

14 contained in paragraph 95 of the FAC.

15     96.    Answering paragraph 96 of the FAC, CARDINAL HEALTH admits that California

16 Government Code section 12900, et seq., the Fair Employment and Housing Act (FEHA) prohibits

17 employment discrimination on the basis of age, gender, national origin and ancestry and reflects a

18 substantial and fundamental policy against discrimination in employment.  CARDINAL HEALTH

19 denies the remaining allegations contained in paragraph 96 of the FAC.

20     97.    Answering paragraph 97 of the FAC, CARDINAL HEALTH denies the allegations

21 contained in paragraph 97 of the FAC.

22     98.    Answering paragraph 98 of the FAC, CARDINAL HEALTH denies the allegations

23 contained in paragraph 98 of the FAC.

24 **TWELFTH CAUSE OF ACTION**

25 **Fees, Costs, and Penalties Pursuant to Labor Code Section 2699**

26 (Against All Defendants)

27     99.    Answering paragraph 99 of the FAC, CARDINAL HEALTH neither admits nor

28 denies this paragraph as it does not contain any charging allegations.

DEFENDANTS CARDINAL HEALTH, INC., CARDINAL HEALTH 303, INC., and CARDINAL HEALTH
RESOURCES, LLC'S ANSWER TO FOURTH AMENDED UNVERIFIED COMPLAINT

1    100.    Answering paragraph 100 of the FAC, CARDINAL HEALTH denies the allegations

2    contained in paragraph 100 of the FAC.

3    101.    Answering paragraph 101 of the FAC, CARDINAL HEALTH neither admits nor

4    denies this paragraph as it does not contain any charging allegations.

5    102.    Answering paragraph 102 of the FAC, CARDINAL HEALTH has insufficient

6    knowledge or information to admit or deny, and on that basis denies the allegations contained in

7    paragraph 102 of the FAC.

8    103.    Answering paragraph 103 of the FAC, CARDINAL HEALTH specifically denies it

9    has engaged in any unlawful practices, Labor Code violations or any other wrong doing.

10   CARDINAL HEALTH has insufficient knowledge or information to admit or deny, and on that

11   basis denies the allegations contained in paragraph 103 of the FAC.

12                              **THIRTEENTH CAUSE OF ACTION**

13                          **Unfair Competition; B&P Code §17200**

14                              (Against All Defendants)

15   104.    Answering paragraph 104 of the FAC, CARDINAL HEALTH neither admits nor

16   denies this paragraph as it does not contain any charging allegations.

17   105.    Answering paragraph 105 of the FAC, CARDINAL HEALTH denies the allegations

18   contained in paragraph 105 of the FAC.

19   106.    Answering paragraph 106 of the FAC, CARDINAL HEALTH specifically denies it

20   has engaged in unfair competition, discrimination, constructive discharge, failure to pay overtime

21   wages, breached any implied covenant or engaged in any wrongdoing.  CARDINAL HEALTH has

22   insufficient knowledge or information to admit or deny, and on that basis denies the allegations

23   contained in paragraph 106 of the FAC.

24   107.    Answering paragraph 107 of the FAC, CARDINAL HEALTH specifically denies that

25   it has engaged in any discriminatory practices or wrong doing.  CARDINAL HEALTH has

26   insufficient knowledge or information to admit or deny, and on that basis denies the allegations

27   contained in paragraph 107 of the FAC.

28

DEFENDANTS CARDINAL HEALTH, INC., CARDINAL HEALTH 303, INC., and CARDINAL HEALTH
RESOURCES, LLC'S ANSWER TO FOURTH AMENDED UNVERIFIED COMPLAINT

1    In conclusion, CARDINAL HEALTH denies any and all allegations of the FAC that it has

2    not specifically admitted in this Answer.

3    **AFFIRMATIVE DEFENSES**

4    1.    Plaintiff's FAC, and each and every count or cause of action therein, fails to state

5    facts sufficient to constitute any claim or cause of action against CARDINAL HEALTH.

6    2.    CARDINAL HEALTH is informed and believes that some or all of Plaintiff's claims

7    or causes of action may be barred by the applicable statutes of limitations, including, without

8    limitation, California Code of Civil Procedure Sections 335.1, 337, 338, 339, 340, and 343,

9    California Government Code Section 12900 *et seq.*

10   3.    The FAC and each of its causes of action are barred by the doctrines of waiver

11   estoppel and consent.

12   4.    The FAC is barred by the doctrine of laches.

13   5.    The FAC is barred by the doctrine of unclean hands and/or by Plaintiff's willful

14   misconduct.

15   6.    To the extent that Plaintiff's FAC, or any purported claim or cause of action alleged

16   therein, alleges emotional or physical injury, any recovery is barred by the exclusivity of remedy

17   thereof under the California Workers' Compensation Act.

18   7.    Regarding Plaintiff's third, fourth, fifth, and sixth causes of action, CARDINAL

19   HEALTH is informed and believes those causes of action are barred by Plaintiff's failure to exhaust

20   external administrative remedies.

21   8.    CARDINAL HEALTH exercised reasonable care to prevent and correct promptly any

22   harassing or discriminatory behavior in the workplace.  CARDINAL HEALTH is informed and

23   believes, and on that basis alleges, that Plaintiff unreasonably failed to take advantage of any

24   preventive or corrective opportunities provided by CARDINAL HEALTH to avoid harm or

25   otherwise.  By reason of the foregoing, Plaintiff is barred, in whole or in part, from recovering on the

26   alleged causes of action in the FAC.

27   9.    Without admitting the allegations of the FAC, CARDINAL HEALTH alleges that

28   Plaintiff's employment was at-will and could be terminated, with or without cause, at any time.

10. Without admitting the allegations in the FAC, CARDINAL HEALTH alleges that all decisions regarding Plaintiff's employment were made for just cause and legitimate business reasons.

11. Regarding Plaintiff's third, fourth and fifth causes of action, decisions made regarding Plaintiff's employment were made pursuant to a bona fide seniority or merit system that was not developed with an intent to discriminate.

12. In the event Plaintiff proves any wrongful acts by CARDINAL HEALTH which CARDINAL HEALTH denies, the adverse employment decision about which Plaintiff complains would have been the same regardless of Plaintiff's age/national origin or gender.

13. CARDINAL HEALTH alleges that this action may be barred and/or CARDINAL HEALTH's liability may be limited by after-acquired evidence of Plaintiff's misconduct.

14. CARDINAL HEALTH is informed and believes and thereon alleges that it has performed and fully discharged any and all obligations and legal duties to Plaintiff pertinent to the matters alleged in Plaintiff's FAC on file herein.

15. To the extent any of the claims or causes of action of Plaintiff's FAC or the damages thereon are based on a loss of employee benefits, those counts are preempted by the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1101, *et seq.*

16. If any loss, injury, damage, or detriment occurred as alleged in the FAC, the loss, injury, damage, or detriment was caused and contributed to by the actions of Plaintiff, or by other factors outside of Plaintiff's employment relationship with CARDINAL HEALTH. Furthermore, as Plaintiff did not exercise ordinary care on her own behalf, her own acts and omissions proximately caused and contributed to the loss, injury, damage, or detriment to Plaintiff, and Plaintiff's recovery from CARDINAL HEALTH, if any, should be reduced in proportion to the percentage of Plaintiff's negligence or fault.

17. Without admitting the allegations contained in the FAC, if Plaintiff suffered any loss or damage, such loss or damage was proximately caused, at least in part, by Plaintiff's own failure to mitigate against her alleged damages, and therefore, Plaintiff's claims must be reduced, diminished, or defeated by such amounts as should have been so mitigated.

18.     To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of CARDINAL HEALTH.

19.     CARDINAL HEALTH denies that it authorized, ratified, acquiesced in, had knowledge of, had reason to know of, approved or directed action by any persons or entities, constituting discrimination, whether as alleged or otherwise.

20.     Plaintiff is not entitled to recover punitive or exemplary damages from CARDINAL HEALTH, as prayed for in the FAC, on the grounds that any award of punitive or exemplary damages based on the facts of this specific action would violate CARDINAL HEALTH's due process and equal protection rights under the United States Constitution.

21.     Regarding all of Plaintiff's causes of action, Plaintiff's actions are insufficient to sustain the imposition of punitive damages against CARDINAL HEALTH.

22.     Punitive damages are not available to Plaintiff because CARDINAL HEALTH has in good faith implemented policies prohibiting harassment, discrimination and retaliation.

23.     CARDINAL HEALTH currently has insufficient information available upon which to form a belief as to whether it has additional, as yet unstated, affirmative defenses available. CARDINAL HEALTH reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

**WHEREFORE, CARDINAL HEALTH prays as follows:**

1.     That Plaintiff takes nothing by her FAC for damages;

2.     That Plaintiff's FAC herein be dismissed in its entirely with prejudice;

3.     That judgment be entered against Plaintiff and in favor of CARDINAL HEALTH;

DEFENDANTS CARDINAL HEALTH, INC., CARDINAL HEALTH 303, INC., and CARDINAL HEALTH RESOURCES, LLC'S ANSWER TO FOURTH AMENDED UNVERIFIED COMPLAINT

1  4.  That CARDINAL HEALTH recover its costs of suit herein, including reasonable

2  attorneys' fees; and

3  5.  That the Court award such other and further relief as it deems appropriate.

4

5 Dated:  June 13, 2008      **WILSON PETTY KOSMO & TURNER LLP**

6

7        By:  /s/ Lois M. Kosch
            FREDERICK W. KOSMO, JR.

8            LOIS M. KOSCH

9            JEREMY D. HOROWITZ
            Attorneys for Defendants

10           CARDINAL HEALTH, INC.,
            CARDINAL HEALTH 303, INC. and

11           CARDINAL HEALTH RESOURCES, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS CARDINAL HEALTH, INC., CARDINAL HEALTH 303, INC., and CARDINAL HEALTH
RESOURCES, LLC'S ANSWER TO FOURTH AMENDED UNVERIFIED COMPLAINT