UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEDA GRAGOSSIAN,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>CARDINAL HEALTH INC., CARDINAL HEALTH 303, INC., CARDINAL HEALTH RESOURCES, LLC,<br><br>　　　　　　　Defendants. | Civil No.07CV1818-H(LSP)<br><br>**ORDER DENYING IN PART AND GRANTING IN PART MOTION TO QUASH AND ISSUING LIMITED PROTECTIVE ORDER** |

　　　　Plaintiff Seda Gragossian has filed a motion to quash pursuant to Fed. R. Civ. P. Rule 45(c)(3) directed to subpoenas that were issued to her former employers by Defendants Cardinal Health Inc., Cardinal Health 303, Inc., Cardinal Health Resources, LLC. Defendants oppose the motion. A hearing was held on July 17, 2008. In attendance were Scott McMillan, Esq. and Evan Kalooky, Esq. on behalf of Plaintiff and Frederick Kosmos, Esq. and Jeremy Horowitz, Esq. on behalf of Defendants. After due consideration of the parties' briefs, evidentiary submissions, and oral argument by counsel and, as set forth below, the Court DENIES in part and GRANTS in part Plaintiff's motion to quash. The Court further finds limited relief is appropriate in the form of a protective order pursuant to Fed. R. Civ. P. Rule 26(c). This order is made without prejudice to the rights of the recipients of the subpoenas to assert objections or seek relief pursuant to Fed. R. Civ. P. Rule 45 and applicable law should they do so.

//

## *BACKGROUND & PROCEDURAL HISTORY*

Plaintiff was employed by Defendants for three and a half years before terminating her employment. She now claims she was forced to leave her job due to Defendants' misclassification of her position and a hostile work environment in which she was discriminated against, sexually harassed and wrongfully denied advancement to management. She alleges she sustained economic damages as well as emotional and mental distress. Defendants propounded subpoenas to six entities that Plaintiff has identified as having employed her between 1991 and 2003, the twelve year time frame immediately preceding her employment with Defendants. None of the employers are located within the jurisdiction of this Court and, therefore, all of the subpoenas were issued out of other District Courts.

Plaintiff initially filed motions to quash with the issuing District Courts. Although Plaintiff is represented by counsel here, the out of district motions were filed identifying Plaintiff as a pro se litigant in order to avoid the cost of Plaintiff's counsel making appearances *pro hac vice* in each court. This strategy caused confusion in at least two of the courts, which denied the motions without prejudice primarily due to concerns Plaintiff was attempting to circumvent her own counsel and this Court. The Eastern District of Virginia denied Plaintiff's motion on the merits and Defendants voluntarily withdrew one of the subpoenas so only four subpoenas are still at issue. Of these four, one court has transferred jurisdiction to over Plaintiff's motion to this Court. For ease of reference, the varying outcomes of these motions and the current status of each subpoena are summarized in the chart below.

| Prior Employer | Employment Term | Originating District Court | Ruling on Prior Motion to Quash |
|---|---|---|---|
| AT&T | 91 - 95 | E.Dist. Virginia | Denied |
| Disclosure, Inc. | 9/96 - 3/97 | Maryland | Denied without prejudice to refile |
| Oracle Corp. | 4/97 - 8/98 | N.Dist. California | Denied without prejudice to refile |
| Magnustics, Inc. | 4/00 - 9/00 | Maryland | Denied without prejudice to refile |
| Sony Electronics | 9/98 - 6/03 | S.Dist. New York | Transferred jurisdiction to S.Dist California |
| Spirient | Unknown | Unknown | Subpoena was withdrawn by Def. |

*DISCUSSION*

Plaintiff moves to quash the subpoenas pursuant to Fed. R. Civ. P. Rule 45(c)(3), contending Defendants' notice was untimely and the subpoenas seek information that is irrelevant and protected by California's right to privacy.

## I.  JURISDICTION

Fed. R. Civ. P. 45(c)(3) specifically contemplates motions to quash or modify a subpoena being filed in the court from which the subpoena was issued. Of the four subpoenas still at issue, only one has been transferred here for disposition of Plaintiff's objections. Plaintiff contends, without any citing corroborating authority, her motion can be appropriately heard in this District because the dispute is between the parties - and does not address any objections by the prior employers. Defendants do not address the jurisdiction question.

With the exception of the subpoena to Sony Electronics, jurisdiction to quash the subpoenas remains with the issuing courts. However, pursuant to Fed. R. Civ. P. 26(c)(1)(D) upon a showing of good cause, this Court may issue a protective order to limit the scope of discovery to certain matters to protect the party from "annoyance, embarrassment, oppression, or undue burden or expense." Although the Court is loath to consider issues that may impinge on another court's jurisdiction, due the confusion that has resulted from Plaintiff's attempt to circumvent other court's *pro hac vice* requirements, and because the dispute is limited to the parties and Defendants do not object to this Court's intervention on the matter, in the interest of economy, the Court will consider Plaintiff's arguments with regard to the remaining three subpoenas under Fed. R. Civ. P. 26(c)(1)(D).

## II.  NOTICE

Plaintiff contends Defendants did not provide adequate notice of service of the subpoenas and, therefore, the subpoenas should be quashed. Pursuant to Rule 45(b)(1), "(i)f the subpoena commands the production of documents... then before it is served, a notice must be served on each party." See also *Butler v. Biocore Med. Tech., Inc.,* 348 F.3d 1163, 1173 (10th Cir.2003).

Notice of all six subpoenas was served by mail on Plaintiff's counsel on March 21, 2008. *Declaration of Evan Kalooky ("Kalooky Dec.")* para. 3 and 6, Ex. D. Two subpoenas were not served on their recipients until several days later on March 24 and 25, 2008, so clearly the notice is not

problematic for these subpoenas. It appears the remaining four subpoenas were personally served on their recipients on March 21, 2008, the same day Plaintiff's notice was served and, therefore, Plaintiff contends prior notice was not afforded. *Kalooky Dec.* para. 3 and 6, Ex. D. Defendants counter that "prior notice" to other parties is satisfied when notice is given simultaneously with the service of the subpoena. citing *Fla. Media, Inc. v. World Publ'ns*, 236 F.R.D. 693, 695 (M.D. Fla. 2006).

The purpose of the "prior notice" provision is to give an opposing party the opportunity to object to the subpoena prior to the date set forth in the subpoena. *Butler,* 348 F.3d at 1173. Plaintiff has had ample time and opportunity to do so and has not only instructed all subpoena recipients to withhold production due to Plaintiff's objections (*Kalooky Dec.*, Ex. G),[1] but has availed herself of her legal remedies by filing motions challenging the subpoenas. Therefore, Plaintiff has not demonstrated any prejudice resulting from the alleged notice violation so as to warrant relief under either Rule 26(c) or Rule 45.

### III. PLAINTIFF'S OBJECTIONS RE: PRIVACY & RELEVANCY

Under federal law, discovery is purposefully broad. Fed. R. Civ. P. 26(b)(1). Each party generally has the right to discover "any matter, not privileged, that is relevant to the claim or defense of any party." *Id.* In addition, "for good cause," the court may permit discovery of information "relevant to the subject matter involved in the action." *Id.* Furthermore, "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* As the Supreme Court has stated, our "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and dispose of unmeritorious claims." Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002).

The subpoenas, which are identical in their requests, request three general categories of information: 1) documents relating to Plaintiff's personnel file (including employment applications, evaluations, progress reports, records of disciplinary action, and investigation files, as well as her duties, work schedules, and attendance); 2) documents relating to Plaintiff's medical history (records of physical examination, workers compensation, unemployment due to ill health); and 3) documents

---

[1] Apparently Sony produced documents to the service company prior to receiving Mr. Kalooky's letter but the service company was instructed to hold the documents in its possession until the issue had been resolved. Plaintiffs do not allege these documents were received by Defendants.

4

relating to Plaintiff's wages and benefits (payroll records, W-2 forms, W-4 forms, and benefits information).[1]  Given the nature of Plaintiff's causes of action, nearly all the information requested is relevant for purposes of Fed. R. Civ. P. 26.  The critical analysis, therefore, is whether the documents sought are protected by California privacy rights and whether the scope of the subpoenas is overbroad.

Because this is a diversity jurisdiction case, assertions based on privacy rights are determined under applicable California state law. Fed. R. Ev. 501; *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 284 (C.D. Cal. 1998).  Under the California Constitution an individual's right to privacy is inalienable. Cal. Const. art. I, §1.  However, the right to privacy is not absolute, but rather a right subject to invasion where a compelling public interest is involved. *Hill v. Nat'l Collegiate Athletic Ass'n.*, 7 Cal. 4th 1, 37-38 (1994); See also *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604 (C.D. Cal. 1995).  When evidence is particularly important to a claim or defense, a party's right to discovery that evidence is more likely to outweigh competing privacy claims. *Denari v. Superior Ct. (County of Kern)*, 215 Cal. App. 3d 1488, 1501 (1989).  Therefore, Plaintiff's privacy rights in her personnel files must be weighed against Defendants' right to obtain information to present its defense in this litigation.

Plaintiff argues that under California state law, a party's private employment records are available only upon a showing that the records are directly relevant *and* that the right to privacy is outweighed by a compelling need for the records.  citing *Board of Trustees v. Superior Court*, 119 Cal. App. 3d. 516 (1981).  In *Board of Trustees*, the personnel records sought were those of a *non-party* to the case and were found to be not discoverable. *Id.* at 524.  In this case, however, the records sought are those of Plaintiff.  As opposed to the situation involving non-parties, who do not voluntarily involve themselves in litigation and whose employment records are not at issue, Plaintiff's own employment records, including those of former employment, arguably do have a direct bearing on the claims and defenses asserted in this lawsuit.

---

[1] The subpoenas call for "personnel file(s), investigation files, applications for employment, records of physical examination for employment purposes, pre-employment exam records, employee progress reports, records of disciplinary action, performance evaluations, employee evaluations, W-2 forms, W-4 forms, work schedules, time cards, retirement benefits records and medical benefits records... as well as documentation regarding benefits, payroll records, attendance records, records relating the fact and duration of unemployment, workers compensation records, unemployment due to ill health, and all income records, from date of hire up to and including the present date...."

5

1  In determining whether a plaintiff has waived the right of privacy by bringing suit, the California Supreme Court has noted that although there may be an implicit partial waiver, the scope of such waiver must be narrowly, rather than expansively, construed so that plaintiffs will not be unduly deterred from instituting lawsuits by fear of exposure of private activities. *Davis v. Superior Court (Kern County)*, 7 Cal. App. 4th 1008, 1014 (1992) citing *Vinson v. Superior Court*, 43 Cal.3d 833, 842 (1987). An implicit waiver of a party's constitutional rights encompasses only discovery directly relevant to the plaintiff's claim and essential to the fair resolution of the lawsuit. *Id.* There must be a compelling and opposing state interest in justifying the discovery. Even when discovery of private information is found directly relevant to the issues of the ongoing litigation, it will not be automatically allowed; there must be a careful balancing of the compelling public need for discovery against the fundamental right of privacy. *Id.* The scope of any disclosure must be narrowly circumscribed, drawn with narrow specificity, and must proceed by the least intrusive manner. *Id.*

Defendants contend the discovery is directly relevant 1) to the extent Plaintiff has made similar claims against prior employers; 2) to the extent it relates to the after acquired doctrine; 3) to determine the extent of her prior management experience and efforts to obtain promotions elsewhere; 4) to her work history in general; 5) to her claims of emotional distress; 6) to her claim for damages; and 7) to test her credibility.

With the exception of Defendant's request for W-4 forms, the Court is persuaded of the direct relevance of the documents identified in categories 1 and 3 *supra*, as well as Defendants' compelling need thereof. At a minimum, Plaintiff's claim for economic damages, which includes a claim for "(f)ront (p)ay sufficient to put Plaintiff in the position she would have been had the unlawful discrimination not occurred," places records reflecting her prior employment experiences, including her wages, benefits, duties, attendance records, performance evaluations and records of disciplinary action at issue.[2] *Plaintiff's Fourth Amended Complaint*, p. 28, lines 17 – 19 and 26 – 28; p. 29, lines 8 – 10 and 17 – 19.

---

[2] Because the Court is persuaded as to the relevance of the requested information and Defendant's compelling need for it based on the sixth reason advanced by Defendants, it need not reach the other arguments. However, the Court notes with regard the doctrine of after-acquired evidence, Defendants have provided no evidence that would indicate it has reason to suspect that Plaintiff engaged in any wrongdoing that, if previously made known to Defendants, would have affected their decision to hire or retain Plaintiff as an employee.

6

This information is directly relevant to the issue of Plaintiff's current and future earning potential and an analysis as to what kind of employment Plaintiff might obtain in an effort to mitigate her damages.

Furthermore, Plaintiff's allegation she sustained emotional distress and mental anguish as a result of her employment with Defendants places her emotional state at issue and opens the door for discovery of information about her emotional and mental condition. Defendants' request for documentation regarding medical information including any workers compensation claims or unemployment due to health reasons is reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's emotional state. However, the request is overbroad in that it is not limited to her mental or emotional condition but also seeks documentation regarding her physical condition. Plaintiff's claims do not place her physical health at issue and, therefore, Defendant's request for this information runs afoul of both Fed. R. Civ. P. 26 and California's right to privacy.

Based on the foregoing, the Court finds Defendants have established good cause to conduct discovery regarding Plaintiff's prior employment except for the requests for W-4 forms and information regarding Plaintiff's physical health. Discovery regarding the personnel files and Plaintiff's wages and benefits, as well as her mental and emotional health is essential to ensure a fair resolution of this suit. Plaintiff's privacy rights, which are not absolute under California law, can be adequately protected by a suitable stipulated confidentiality order and the parties, therefore, are directed to jointly prepare and submit a proposed protective order for the Court's approval.

**IV.  EVIDENTIARY OBJECTIONS**

Both parties have made evidentiary objections to the declarations filed by the opposing side. With regard to the Declaration of Mr. Kalooky, the Court sustains objections 1 – 6, 8 and 11 and overrules objections 7, 9, 10 & 12. All objections to Plaintiff's declaration are overruled. As for objections to the Declaration by Mr. Horowitz, the Court sustains objections 4 and 6 – 10 and overrules objections 1 – 3 and 5.

*CONCLUSION*

Consistent with the foregoing, Plaintiff's Motion to Quash is GRANTED in part and DENIED in part with respect to the subpoena to Sony Electronics. The Motion is DENIED with respect to the subpoenas to Disclosure, Oracle and Magnustics, however, pursuant to Fed. R. Civ. P. 26(c) the Court

finds good cause to prohibit discovery regarding Plaintiff's W-4 forms and information regarding Plaintiff's physical health.  Documents produced by Plaintiff's prior employers shall be BATES numbered and any documents relating to her medical history may be reviewed by Plaintiff's counsel prior to production to Defendants to ensure consistency with this Court's order.  The parties' proposed protective order shall be submitted to the Court for approval by July 25, 2008.

DATED: July 21, 2008

Hon. Leo S. Papas
U.S. Magistrate Judge